IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NAKIA MELVIN McCLAIN,            )
Reg. No. 12200-017,              )
                                 )
    Petitioner,                  )
                                 )
v.                               )          CASE NO. 2:15-CV-716-MHT
                                 )
DENNIS STAMPER, et al.,          )
                                 )
    Respondents.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Nakia Melvin McClain ("McClain"), a federal inmate confined at the Montgomery Federal Prison Camp at the time he filed this petition.  McClain is now incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi.

In this 28 U.S.C. § 2241 petition, McClain challenges the constitutionality of a sentence imposed upon him by the United States District Court for the Northern District of Florida in July of 2008 for a violation of 18 U.S.C. § 922(g).  McClain contends that the sentencing court erroneously enhanced his sentence under the Armed Career Criminal Act (the "ACCA").  Specifically, McClain argues that his burglary conviction is not divisible and, therefore, the trial court could not look to the facts of his offense to determine whether it meets the "generic" version of burglary set forth in the ACCA.  Thus, McClain maintains that the burglary conviction could only have been used for sentence enhancement purposes as a "violent felony" upon application of 18 U.S.C. § 924(e)(2)(B)'s residual clause, which

includes any felony "involv[ing] conduct that presents a serious potential risk of physical injury to another."   McClain argues that enhancement of his sentence under the ACCA's residual clause is unconstitutional in light of the United States Supreme Court's holding in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015).  In *Johnson*, the Supreme Court determined "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id*. at 2555.  On April 18, 2016, the Supreme Court in *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016), held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."

In their response filed on May 26, 2016, the respondents advise that on May 6, 2016, McClain filed an application in the Eleventh Circuit Court of Appeals seeking leave to file a second or successive § 2255 Motion to Vacate, Set Aside or Correct Sentence raising the same claim now before this court. Doc. 37-1 at 3–9.[1]  The respondents therefore argue that McClain cannot establish his burden of showing that the remedy available to him under § 2255 is "inadequate or ineffective" as required by the "savings clause" of § 2255(e) to proceed before this court on the current 28 U.S.C. § 2241 petition. *See Patterson v. Flournoy*, 2016 WL 1704179, at *2 (S.D. Ga. 2016) ("To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is 'inadequate or ineffective' to challenge the validity of a conviction and/or sentence.") (quoting *Taylor v. Warden, FCI Marianna*, 557 Fed. App'x 911, 913

---

[1] The petitioner is represented by the Federal Public Defender for the Northern District of Florida on the application before the Eleventh Circuit.

(11th Cir. 2014)); *Wilks v. Flournoy*, 2016 WL 1698313, at *2 (S.D. Ga. 2016) (same). These cases indicate that the "savings clause" set forth in § 2255(e) does not reach claims presented under *Johnson* because "the remedy afforded by Section 2255 is not inadequate or ineffective to raise these claims.  [Petitioner] has a remedy under 28 U.S.C. § 2255(h) to obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 petition." *Patterson,* *4.  As referenced above, not only is this remedy available, but McClain has actually pursued the remedy under § 2255(h) by filing an application with the United States Court of Appeals for the Eleventh Circuit for leave to file a successive § 2255 motion.

Based on the foregoing, the court entered an order requiring McClain to respond to the arguments set forth by the respondents.  In his response to this order, McClain seeks dismissal of this action without prejudice "which will allow [him] to proceed forward pursuing a second § 2255 motion in the Northern District of Florida." Doc. 39 at 2.  The court construes this request as a motion to dismiss.

Upon consideration of the motion to dismiss and under the circumstances of this case as hereinabove set forth, the court concludes that this motion is due to be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The petitioner's motion to dismiss be GRANTED.

2.      The instant 28 U.S.C. § 2241 petition for habeas corpus relief be DENIED.

3.      The petition be DISMISSED without prejudice to allow the petitioner an opportunity to pursue his claims in a second 28 U.S.C. § 2255 motion in the United States District Court for the Northern District of Florida.

It is further ORDERED that on or before **June 24, 2016** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 10th day of June, 2016.

_____/s/ Gray M. Borden_____
UNITED STATES MAGISTRATE JUDGE